# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRIS HAVIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | |
| | * | _____ |
| QUALITY RESTAURANT | * | |
| CONCEPTS, LLC, d/b/a | * | |
| APPLEBEE'S GRILL & BAR, | * | JURY DEMAND |
| | * | |
| Defendant. | * | |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for legal and equitable relief to redress race discrimination against Chris Havis.  The suit is brought pursuant to Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII"); and 42 U.S.C. §1981 (hereinafter "§1981"), which provide for relief against discrimination in employment.  Plaintiff seeks injunctive relief, equitable relief, compensatory damages, and punitive damages.

**II.   JURISDICTION & VENUE**

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331,

1343, 2201 and 38 U.S.C. §4323(b)(3).

    3.     The Plaintiff requests a jury trial on all issues so triable.

### III. PARTIES

    4.     Plaintiff, Chris Havis, is an African-American male resident of the State of Alabama and is over the age of 19 years.

    5.     Defendant, Quality Restaurant Concepts, LLC d/b/a Applebee's Grill & Bar (hereinafter "Defendant"), is an employer doing business in this district. At all times relevant to this action, the Defendant is an employer within the meaning of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964. Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

### IV. STATEMENT OF FACTS AND CLAIMS

    6.     Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail hereinbelow.

    7.     Plaintiff Chris Havis (African-American) began working for Defendant in July 2011 as a line cook at the Guntersville, Alabama location.

    8.     Plaintiff was promoted to Assistant Kitchen Manager in 2013 or 2014.

    9.     Plaintiff sought a promotion to "Kitchen Manager."

    10.    Plaintiff repeatedly notified management that he was interested in the position of Kitchen Manager and wanted to be promoted. However, Plaintiff was

never promoted.

11. Plaintiff repeatedly inquired about a promotion, and specifically spoke with Charles Reedus (Regional Manager), Debbie Wilson (Regional Manager), Mike McManus (Director of Operations), and Victor Chandler (Regional Manager).

12. During Plaintiff's employment, there were multiple vacancies for Kitchen Manager position in the region in which he worked and which he inquired about and was qualified.

13. At one point, McManus told Havis that he would receive the next available position. However, Havis was not promoted.

14. Regional Manager Reedus told Havis that he was qualified for the Kitchen Manager position and should be promoted; but, Plaintiff was not.

15. Plaintiff worked at several different restaurants in the region whose locations had vacancies for Kitchen Manager.

16. During that time, Plaintiff performed the duties and responsibilities of Acting Kitchen Manager, including opening the store, doing store checks, checking equipment, checking emails, soft counts, prep sheets, truck orders, labeling, as well as inventory.

17. Plaintiff served as interim/acting Kitchen Manager in Ft. Payne, Alabama for in 2018.

18. Plaintiff also served as interim/acting Kitchen Manager in Hoover, Alabama and Gadsden, Alabama locations in 2018.

19. Despite performing the duties, Plaintiff was not given the title or pay of Kitchen Manager; nor, was he promoted to these or other vacancies.

20. In 2018, there were multiple vacancies in the Region in which Plaintiff worked, including vacancies at the Gadsden, Alabama location and more than one vacancy at the Ft. Payne, Alabama location. Plaintiff expressed interest in the positions; however, despite his interest and qualifications, he was not selected.

21. All vacancies were filled by a white individuals and Plaintiff was responsible for training several of the individuals who were selected over him.

22. Plaintiff was as qualified, if not more qualified, than the white individuals who were selected.

23. Plaintiff repeatedly inquired of Regional Managers and the Director of Operations about vacancies in the district.

### COUNT ONE: CLAIM OF RACE DISCRIMINATION
### PURSUANT TO 42 U.S.C. §1981 & TITLE VII

24. Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 23 above with the same force and effect as if fully set out in specific detail herein below.

25. Plaintiff brings this action against Defendant for its discriminatory failure to promote Plaintiff.

26. Plaintiff was subjected to disparate treatment by Defendant based on his race.

27. Defendant had several openings around the region for position of Kitchen Manager.

28. Plaintiff repeatedly inquired and asked to be promoted to Kitchen Manager positions.

29. Plaintiff was not selected for the positions.

30. Plaintiff was as qualified, if not more qualified, than the white individuals who were selected.

31. Individuals outside Plaintiff's protected class were selected.

32. Plaintiff was qualified for the positions and in fact, filled in at several different locations for a number of months in this position. However, he was not given the title or the pay, nor was he promoted to the positions on a permanent basis.

33. Defendant has no legitimate non-discriminatory reason for its conduct.

34. Defendant's reason for its actions is pretext for race discrimination.

35. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

36.     Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and §1981.

2.      Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and §1981.

3.      Issue an injunction ordering Defendant not to engage in discrimination and acts which violate Title VII of the Civil Rights Act of 1964 and §1981.

4.      Grant the Plaintiff an order requiring Defendant to make Plaintiff whole by instating him to the position he would have occupied in the absence of the discrimination, backpay (plus interest), front pay, compensatory damages, punitive damages, and/or nominal damages.

5      Plaintiff further prays for such other relief and benefits as the cause of

justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

                                Respectfully submitted,

                                */s/ Kevin W. Jent*
                                Kevin W. Jent
                                Rocco Calamusa, Jr.
                                WIGGINS, CHILDS, PANTAZIS,
                                    FISHER & GOLDFARB, L.L.C.
                                The Kress Building
                                301 19th Street North
                                Birmingham, Alabama  35203
                                (205) 314-0500

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

                                */s/ Kevin W. Jent*
                                OF COUNSEL


**Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.**

**Defendant's Address:**
Quality Restaurant Concepts, LLC
c/o Fred W. Gustin, Reg. Agent
601 Vestavia Parkway, Ste. 1000
Birmingham, AL 35216

                                */s/ Kevin W. Jent*
                                OF COUNSEL